UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Criminal Action No. 5:12cr22

CORDALE A. WILLIAMS,

        Defendant.

## RECOMMENDATION THAT DEFENDANT'S MOTION TO SUPPRESS EVIDENCE BE DENIED

### *I. INTRODUCTION*

On August 7, 2012, a grand jury returned a one-count indictment charging Defendant with being a felon in possession of a firearm, stemming from a shooting that occurred on June 22, 2012. Two Wheeling police officers were patrolling the area where the shooting occurred, heard the shot, and were on the scene within minutes. There was a commotion at the parking lot where the shooting occurred, but the officers claim that several witnesses were stating the "guy with the dreads" shot the gun, and pointing at Defendant. Surprisingly, the officers did not sequester these eyewitnesses or take any of their statements. Police then encountered Defendant, who pulled up his shirt, and continued walking past the officers away from the parking lot.

The alleged victim of the shooting, David Lee, approached the officers carrying a handgun wrapped in a torn shirt. Mr. Lee alleged that he and the Defendant had been in a physical altercation prior to the shooting, and that Defendant pulled the gun from Defendant's acquaintances waistband, shot it at him, then threw the gun under a car. Mr. Lee claims to have recovered the gun from under

1

the car where he alleges Defendant threw it. Based on the foregoing information, police stopped Defendant from leaving the scene and placed him under arrest. The police also took a statement from the cashier working at the convenience store where the incident occurred. The cashier stated that he looked out the window and saw two men that he did not know fighting, that one of the men grabbed something out of another guys waistband, and that he heard one gunshot. Police also collected one shell casing from the scene.

Defendant was transported to Wheeling Police Department and taken to an interview room for processing, where he was handcuffed to a chair. A detective came into the processing room where Defendant was being held and performed a gun shot residue (GSR) test, which yielded positive results on Defendant's right hand. Defendant contends that this sample was taken without a warrant and in violation of his Fourth Amendment right against unreasonable search and seizure. Thus, Defendant contends, the results of the test should be suppressed. The United States contends that the GSR test was a lawful search incident to arrest, and that exigent circumstances existed requiring the immediate collection of the sample.

## II. DISCUSSION

Incident to a lawful arrest, "it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel v. California*, 395 U.S. 752, 763 (1969). Thus, the question facing the Court is whether Defendant was lawfully arrested. If he was, then the search was reasonable and not in violation of the Fourth Amendment. The Court believes that the arrest was lawful.

An arrest made without a warrant is lawful if "at the moment the arrest was made, the officers had probable cause to make it–whether at that moment the facts and circumstances within

2

their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The two patrolmen who first responded to the scene, as well as the sergeant who later responded, testified at the hearing on the instant motion about what happened the night of the shooting. All of the evidence available to the officers at the time, being the statements of the witnesses on the scene and the victim, pointed to Defendant as the shooter. It was certainly reasonable for the officers to believe that Defendant was the suspect, and reasonable for them to arrest Defendant for the crime. Thus, the GSR test was lawfully done as a search incident to arrest.[1] *See United States v. Johnson*, 445 F.3d 793 (5th Cir. 2006) (finding same); *Cupp v. Murphy*, 412 U.S. 291 (1973) (finding it constitutionally permissible to take fingernail samples from an individual under lawful arrest);

### III. RECOMMENDATION

Because the officers reasonably believed, based on the evidence available to them at the time, that Defendant fired the shots, the arrest of Defendant was lawful. A search of a person done incident to lawful arrest is constitutionally permissible. Therefore, the undersigned recommends that Defendant's motion to suppress evidence be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and

---

[1] Because the Court finds that the search was properly performed incident to arrest, the Court need not address whether exigent circumstances existed.

3

Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: October 25, 2012

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE