UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                            Criminal Action No. 5:12cr22

CORDALE A. WILLIAMS,

        Defendant.

## **RECOMMENDATION THAT DEFENDANT'S MOTION TO SUPPRESS STATEMENTS BE GRANTED**

### *I. INTRODUCTION*

On August 7, 2012, a grand jury returned a one-count indictment charging Defendant with being a felon in possession of a firearm, stemming from a shooting that occurred on June 22, 2012. After an on-scene investigation of the shooting, Wheeling police officers suspected Defendant of the shooting, and he was subsequently arrested and charged with attempted murder. On June 29, 2012, while incarcerated at the regional jail, ATF Special Agents Price and Young attempted to interview Defendant regarding the instant charge. As a preface to this interview, Special Agent Price read Defendant his rights, and Defendant signed a waiver form[1]. After asking Defendant to discuss the events surrounding the shooting on June 22, Defendant replied that "he thought it may be best to wait to speak to an attorney." As the special agents were departing, Agent Price stated that if Defendant did not have any further questions, then the special agents would depart. It was after this

---

[1] The ATF uses a standard form, *Form 3200.4: Advice of Rights and Waiver*, to inform a suspect of him rights, and to obtain a waiver of those rights. The rights in the form are consistent with those required under *Miranda v. Arizona*, 384 U.S. 436 (1966).

last statement made by Agent Price that Defendant made further statements.

Defendant contends that any statements made after he invoked his right to counsel, as it is set forth above, is in violation of his constitutional rights to have an attorney present during questioning. Accordingly, Defendant argues, those statements should be suppressed. The government takes a different view, arguing that suppression of statements is only appropriate in these circumstances when officers continue to interrogate a suspect after an invocation of the right to counsel, and that Special Agent Price's statement was not the functional equivalence of interrogation.

## II. DISCUSSION

In *Miranda v. Arizona*, the United States Supreme Court held that police are required to inform a suspect of his right to counsel, and if at any time after those rights are presented the suspect invokes the right to counsel, all interrogation must cease until an attorney is present. 384 U.S. 436, 473 (1966). Over a decade later the Supreme Court reinforced its holding in *Miranda*, and created a bright line rule that once a suspect clearly asserts his right to counsel police cannot interrogate "until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1980). Although announced as a bright line rule, courts have been faced with the difficulty of deciding what a proper invocation of the right to counsel is, and what interrogation is to determine whether a defendant has reinitiated further conversation.

*1. Defendant Made An Unequivocal Statement Regarding Counsel.*

In *Davis v. United States*, the Supreme Court stated that "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances

would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Davis v. United States*, 512 U.S. 452, 459 (1994) (emphasis in original). In *Davis*, the statement at issue was "Maybe I should talk to a lawyer." *Id*. at 462. The Court held that this was an ambiguous statement, and that officers were not required to stop questioning the defendant. *Id*.

Defendant in the instant case, upon being questioned about the underlying shooting, indicated that he "thought it may be best to wait to speak to an attorney." Although the talismanic phrase "I want a lawyer" is not required, the Supreme Court's test looks to whether a reasonable officer would consider whether the suspect was invoking the right to counsel. *See Davis*, *supra*. Agents Price and Young immediately proceeded to exit the holding area where they met the Defendant upon his proclamation that it may be best for him to speak to an attorney. Thus, the agents clearly understood that Defendant was invoking his right to counsel, triggering the *Edwards*' bar to any further interrogation.

*2. Agent Price's Statement Was the Functional Equivalence of Interrogation.*

Even though Defendant made an unequivocal statement that he wanted to speak to a lawyer, the statement made by Agent Price that "if Williams did not have any questions for the SAS, then the SAS would depart" must be considered interrogation or its functional equivalence. The Supreme Court has defined the functional equivalence of interrogation as "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. . . . focusing primarily upon the perceptions of the suspect, rather than the intent of the police." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). The intent of the police can, however, be a factor relevant to the

3

determination. *Id*. at n.6.

The Fourth Circuit has, on several occasions, encountered this issue. In *United States v. Payne*, 954 F.2d 199 (4th Cir. 1992) the Court found the statement "They found a gun at your house," made after the suspect invoked his right to counsel, was not interrogation. Similarly, in *United States v. Jackson*, 863 F.2d 1168 (4th Cir. 1989), an agent stated to a suspect, after the right to an attorney was invoked, to "Just think about Harry Payne," the suspects alleged co-conspirator. The Court found the statement was not interrogation or its functional equivalence. Most recently, in *United States v. Blake*, 571 F.3d 331 (4th Cir. 2009), the Court found the statement "I bet you want to talk now, huh?," was not the functional equivalent of interrogation. All of these cases did not rise to the level of interrogation because they did not subject the suspect to "compelling influences, psychological ploys, or direct questioning," *Arizona v. Mauro*, 481 U.S. 520, 527 (1987), but were rather offhanded remarks not likely to elicit an incriminating statement.

The remark made by Agent Price was direct questioning, however, and a clever psychological ploy to match. Agent Price asked Defendant if he had any questions, which was sure to elicit a response. This is an impermissible intrusion upon Defendant's right to have counsel present during questioning.

### III. RECOMMENDATION

Because Defendant made an unequivocal statement that he wanted a lawyer, and because Agent Price's statement was interrogation, or at least its functional equivalent, the undersigned recommends that Defendant's Motion to Suppress Statements be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the

Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: October 25, 2012 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE