IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             Criminal Action No. 5:12CR22
                                          (STAMP)
CORDALE A. WILLIAMS,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## RELATING TO DEFENDANT'S MOTIONS IN LIMINE

Pending before this Court are certain motions in limine filed by the defendant in the above described criminal action. This Court has reviewed these separate motions and makes the following findings concerning the defendant's motions:[1]

1. <u>Motion in Limine Regarding Prior Conviction (ECF No. 47)</u> -- DEFERRED.

By this motion in limine, the defendant offered to stipulate to his being a "prohibited person" as defined by 18 U.S.C. § 922(g)(1). Specifically, that he was convicted of a crime punishable by imprisonment for a term exceeding one year. As a result, he requests that this Court strike any reference to his conviction as specified in the indictment and to not instruct the jury of the specifics on his convictions during its charge, absent him testifying. The defendant argues that the stipulation would

---

[1] The fourth motion in limine filed by the defendant concerning the exclusion of portions of the defendant's telephone calls is not discussed in this memorandum opinion and order, as the motion is not yet fully briefed.

make any reference to the felony conviction alleged in the defendant's indictment more prejudicial than probative under Federal Rule of Evidence 403 and the holding of <u>Old Chief v. United States</u>, 519 U.S. 172 (1997).

The United States responded by stating that as long as the offer to stipulate includes a stipulation that the underlying felony conviction has not been expunged or set aside, and is not one for which defendant has been pardoned or had his civil rights restored, the United States accepts the stipulation. Further, the United States asserts that the part of the motion that requests this Court not to instruct the jury on the specifics of the underlying felony in light of the stipulation is not opposed with the understanding the United States may revisit the admissibility of the prior conviction if the defendant testifies at trial.

Based on the response, this Court believes there to be an agreed stipulation. Further, this Court believes that the government does not generally oppose the defendant's motion in limine. However, as the stipulation from the government requested more information be included regarding the defendant's prior conviction, this Court will DEFER this motion pending further discussion of this matter with the parties.

2. <u>Motion in Limine Seeking to Preclude Certain Testimony by 7-11 Records Custodian (ECF No. 53)</u> -- GRANTED IN PART AND DENIED IN PART.

By this motion, the defendant seeks to preclude the government from admitting through its witness, Patricia Boniey, the records custodian of the 7-11 convenience store, testimony concerning Ms. Boniey's opinion as to the depictions on the videotape and not to provide a "play-by-play" of the contents of the 7-11 videotape that depicts some of the events material to this case. The defendant argues that the witness is not permitted to offer an opinion as to the events allegedly depicted in the video as the videotape is the best evidence of the contents of the videotape.

The United States responded by stating that the witness is testifying for two purposes. First, to authenticate the video and second, to identify any individuals depicted on the video. The United States asserts that it does not intend to seek a "play-by-play" of the events as they unfold on the recording. The United States argues that the witness is permitted to make identifications as long as it is based on personal knowledge possessed by her prior to the depiction.

This Court agrees with the government's assertion that the witness should be permitted to make identifications as long as it is based on personal knowledge possessed by her prior to the depiction. <u>See</u> Fed. R. Evid. 602 and 701. Therefore, inasmuch as the defendant is seeking to limit Ms. Boniey from making identifications based on personal knowledge, the motion is denied. However, because the government does not intend to seek a "play-by-play" of the events on the videotape from Ms. Boniey, the

defendant's motion to preclude such testimony is granted as unopposed.

3. <u>Motion in Limine to Exclude Government's Exhibits of Grand Jury Transcripts (ECF No. 55)</u> -- GRANTED IN PART AND DENIED IN PART.

By this motion in limine, the defendant seeks to preclude the government from introducing into evidence the transcripts of grand jury testimony of two witnesses, Mr. Lee and Mr. Proctor. The defendant argues that such testimony is hearsay and not relevant to whether the defendant possessed a firearm on the morning of the incident involved in this action. Further, he argues that to the extent that the grand jury testimony is relevant, its probative value is substantially outweighed by the danger of confusing the issues and should be precluded under Federal Rule of Evidence 403.

The government responds by stating that the sole intended use of the grand jury transcripts at trial is for impeachment if necessary.

This Court agrees with the government's assertion that it may use such transcripts for impeachment. <u>See</u> Fed. R. Evid. 607, 613(b), and 801(d)(1). Therefore, inasmuch as the defendant's motion seeks to preclude the use of the transcripts from impeachment, the motion is denied. However, this Court grants the defendant's motion insomuch as it finds that any other introduction would constitute hearsay. Therefore, for all other purposes the government shall not offer such testimony.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED: January 17, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE